# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:10-cv-01428-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATION<br>RECOMMENDING THAT PLAINTIFF'S<br>MOTION TO REMAND ACTION TO STATE<br>COURT PURSUANT TO 28 U.S.C. § 1447(c)<br>BE GRANTED<br><br>(Doc. 8) |

## I. FINDINGS

### A. Procedural Background

On June 15, 2010, Plaintiff filed a complaint in the Civil Division of the Superior Court of California, County of Fresno (hereinafter "FSC") (Docs. 1-2 through 1-6, Exhibits to Def. Not. of Removal.) This was served on Defendant A. Walker, on whose behalf a Notice and Acknowledgment of Receipt was signed on July 21, 2010. (Doc. 10, Plntf. Mot. to Remand, p. 34.) Personal service of the summons and complaint was achieved on Defendants Chudy, Anderson, Ahmed, Pascual, and Medina on July 22, 2010, and proofs of service thereon were filed in FSC on August 4, 2010. (*Id.* at pp. 61-62, 66-67, 70-71, 75-76, & 80-81.) On August 6, 2010, Defendants Walker, Ahmed, and Pascual filed a Notice of Removal which removed the case to this Court. (Doc. 1.) On September 13, 2010, Defendants Anderson and Chudy filed their joinder in removal of the action. (Doc. 14.) Defendant Medina has not joined in the removal. On August 27, 2010, Plaintiff filed a motion seeking remand of this action to state court. (Doc. 8.)

In his motion, Plaintiff requests that this case be remanded to FSC either in whole or in part. Plaintiff argues that removal to this Court was not proper as not all of the defendants who were served with his original complaint have personally appeared and/or consented to removal to this Court and that the notice of removal was defective since it did not include copies of all documents filed and served in the state court action.

### B. Removal Jurisdiction and Remand

Title 28 of the United States Code section 1441(a) provides that a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). Upon review of Plaintiff's complaint, it is clear that the majority of claims asserted in this matter arise under federal law. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal). The first page of Plaintiff's complaint, and the vast majority of its pages, address claims which arise and are properly brought and adjudicated under 42 U.S.C. § 1983 for violation of his federal constitutional rights.

A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. *Caterpillar*, 519 U.S. at 69. The removal statutes are strictly construed, and doubts about the propriety of removal are resolved in favor of remand. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir.2006) (citations omitted); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985). A plaintiff may move for remand when removal to federal court was procedurally defective, although procedural defects do not necessarily deprive the court of subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of

demonstrating removal was proper. *Abrego Abrego*, 443 F.3d at 685; *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir.2002); *Gaus*, 980 F.2d at 566.

### C. Consent/Joinder by All Served Defendants:

Plaintiff argues that removal to this Court was not proper as not all of the defendants who were served with his original complaint in the FSC action have consented to or joined in the removal to this Court.

In a case involving multiple defendants, "[a]ll defendants must join in a removal petition with the exception of nominal parties." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-33 (9th Cir. 1986) *ref* 28 U.S.C. § 1446(b); *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir.1970). This general rule applies to defendants who are properly joined and served in the state action. *Emerich v. Touche Ross & Co.,* 846 F.2d 1190, 1193, n.1 (9th Cir. 1988) *ref. Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). "The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective." *Id. ref. Cornwall v. Robinson*, 654 F.2d 685, 86 (10th Cir. 1981). If fewer than all defendants join in removal, the removing party has the burden to affirmatively explain the absence of the non-joining defendants in the notice of removal. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) overruled on other grounds by *Abrego Abrego v. Dow Chemical Co.*, 443 f.3d 676, 680 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants). Defects in the removal notice must be cured within the thirty-day statutory period permitted for joinder. *Prize Frize, Inc. V. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). "[F]ailure to adhere to the unanimity rule is dispositive." *Prize Frize*, 167 F.3d at 1266, n.4.

Here, Plaintiff accomplished service on Defendant Walker on July 21, 2010 via endorsement of Notice and Acknowledgment of Receipt of the Summons and Complaint in the FSC matter (Doc. 10, Exh to Miller Dec., p. 34) and on Defendants Chudy, Anderson, Ahmed, Pascual, and Medina via personal service on July 22, 2010 (*Id.* at pp. 61-62, 66-67, 70-71, 75-76, & 80-81.) On August 6, 2010, Defendants Walker, Ahmed, and Pascual filed the Notice of

1  Removal. (Doc. 1.) On September 13, 2010, Defendants Anderson and Chudy filed their joinder
2  in the removal of the action (Doc. 14) -- which was defective since beyond the thirty day
3  statutory period permitted for joinder. *Prize Frize*, 167 F.3d at 1266. While defense counsel
4  submitted a declaration with the joinder of Defendants Chudy and Anderson, indicating that she
5  did not receive their requests for representation until August 10, 2010 and September 7, 2010
6  respectively (Doc. 14, Joinder, Ramsey Dec., ¶¶ 6 & 7), there was no explanation provided as to
7  any attempts made to contact Defendants Chudy and Anderson to obtain their consent to joinder
8  in removal so as to join in the Notice of Removal or to join thereto prior to expiration of the
9  thirty day statutory period. Simply waiting for receipt of requests for representation by
10 Defendants Chudy and Anderson does not equate to an affirmative explanation for their absence.
11 *Prize Frize*, 167 F.3d at 1266.

12      Further, Defendant Medina has never joined in the removal. Defense counsel submitted a
13 declaration that she was advised by the litigation coordinators at Pleasant Valley State Prison and
14 Correctional Treatment Facility that, after exercising reasonable diligence, neither institution had
15 any indication or information that Defendant Medina had been served with Plaintiff's complaint.
16 (Doc. 14, Ramsey Dec., ¶ 8.) However, Plaintiff submitted evidence that the summons and
17 complaint in the FSC action was personally served on Defendant Medina on July 22, 2010.
18 (Doc. 10, Exh. M to Miller Dec., pp. 80-81.) The Court takes judicial notice of the Docket
19 Report Results on the FSC website shows an entry of "Proof of service of summons and
20 complaint filed showing personal service on M. Medina on 07-22-10. At Correctional Training
21 Center. gs" at 4:20 p.m. on August 4, 2010, in case number 10 CECG 02100.[1]

22      Other district courts have found that simply checking if a proof of service has been filed
23 with a court is insufficient to show due diligence to ascertain whether other defendants have been

---

[1] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Plaintiff requested that this court take judicial notice of various entries in the FSC action. (Doc. 11.)

served. *See e.g.Orozco v. EquiFirst Corp.*, 2008 WL 5412364, (C.D.Cal.,2008); *Pianovski v. Laurel Motors, Inc.*, 924 F.Supp. 86, 87 (N.D.Ill.1996). Yet the removing defendants apparently did not even check the FSC website and/or file (which would have revealed that Defendant Medina was personally served on the same date as four of the other defendants and the name of the litigation coordinator at Correctional Training Facility who accepted service on Medina's behalf), but rather chose to rely solely on representations from prison litigation coordinators. The untimely joinder by Defendants Chudy and Anderson and failure to affirmatively explain the absence of Defendant Medina constitutes a clear dispositive procedural defect. See 28 U.S.C. § 1446(a); *Prize Frize,* 167 F.3d at 1266.

This Court is therefore compelled to remand this case for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. §§ 1446(a), 1447(c); *Prize Frize*, 167 F.3d at 1266.[2]

## II. RECOMMENDATIONS

Accordingly, the undersigned HEREBY RECOMMENDS that Plaintiff's motion to remand this action to state court, filed August 27, 2010 (Doc. 8) be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 29, 2010**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Since consent/joinder of all defendants was dispositive, Plaintiff's additional arguments in his motion to remand need not be addressed.